[Cite as *Woods Cove II, L.L.C. v. Marbury*, 2014-Ohio-5151.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101360**

**WOODS COVE II, L.L.C.**

PLAINTIFF-APPELLEE

vs.

**JA'NITTA P. MARBURY, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-798491

**BEFORE:** Blackmon, J., Boyle, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**FOR APPELLANT**

Ja'Nitta P. Marbury, pro se
3969 Strandhill Road
Cleveland, Ohio 44128


**ATTORNEYS FOR APPELLEE**

**For Woods Cove, II, L.L.C.**

Christopher Scott Casterline
George J. Annos
Nicholas J. Cardinal
Eric T. Deighton
Richard J. Feuerman
Frederick J. Jahn
James L. Sassano
Bradley P. Toman
Carlisle McNellie Rini Kramer & Ulrich, Co., L.P.A.
24755 Chagrin Blvd., Suite 200
Cleveland, Ohio 44122

**For Cuyahoga County Treasurer**

Timothy J. McGinty
Cuyahoga County Prosecutor

Adam D. Jutte
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Ja'Nitta Marbury appeals pro se the trial court's granting the motion for default judgment filed by appellee Woods Cove, II, L.L.C. ("Woods Cove") and assigns the following error for our review:

> The trial court erred when it granted Woods Cove II, LLC's motion for default judgment and foreclosure contrary to Ohio Civil Rule 55, where appellant filed an answer and a motion to dismiss and evidence of payments to Woods Cove II, LLC.

**{¶2}** After reviewing the record and relevant law, we affirm the trial court's judgment. The apposite facts follow.

**{¶3}** Woods Cove purchased two tax certificates from the Cuyahoga County Treasurer. The tax certificates represented tax liens on property owned by Marbury. On December 28, 2012, Woods Cove filed a complaint for foreclosure in the Cuyahoga County Common Pleas Court. Several entities, who were lien-holders on the property, were listed as defendants in the complaint; however, only Marbury and the Cuyahoga County Treasurer responded with an answer.[1]

**{¶4}** On January 30, 2014, Woods Cove filed a motion for default judgment as to the non-answering lien-holder defendants. A default hearing was conducted on March 6, 2014, before a magistrate. Prior to the hearing, Marbury filed a motion to vacate the order for a default

---

[1]Ameriquest Mortgage Company, RBS Citizens, NA, Charter One Bank, and Wells Fargo Bank, NA in trust for the Benefit of Park Place Securities in asset-backed pass through certificate series 2009-WCW2, failed to file an answer to the complaint. The Cuyahoga County Treasurer was also listed as a defendant and filed an answer and the court held that no judgment would be taken against the County Treasurer. Only Marbury filed an appeal.

hearing because she had entered into a settlement and consent decree with Woods Cove. Her motion was denied. The court explained that the hearing concerned the non-answering defendants and that Marbury's consent decree would be reviewed after the default hearing.

{¶5} After the hearing, the magistrate issued a decision in which it recommended that the motion for default judgment against the non-answering defendants be granted. The decision also stated that a confidential settlement agreement was entered into between Woods Cove and Marbury regarding payment of the tax lien. The magistrate in the final paragraph of the decision referred to the agreement, stating, "IT IS FURTHER ORDERED that, upon entry of a final decree in the within matter, plaintiff shall not file a praecipe for order of sale in execution upon this decree, unless defendant, Ja'Nitta P. Marbury, is in default of the agreement referenced above."

{¶6} A partial consent judgment was attached to the magistrate's decision. In the partial consent judgment, Marbury consented "to judgment on plaintiff's claims alleged in the complaint and waives all defenses to those claims, and consents to the findings of fact and conclusions of law contained within the decree." Consent Judgment Entry, at 1. The consent entry also included that Woods Cove would not file a "praecipe for order of sale, in execution upon this decree, unless Defendant Ja'Nitta P. Marbury is in default of the agreement referenced above."

{¶7} No objections were made regarding the magistrate's decision; therefore, the trial court subsequently adopted the decision. The trial court's judgment entry states in pertinent part as follows:

> The court finds that plaintiff and defendant, Ja'Nitta P. Marbury, have come to an agreement to repay the delinquent taxes, the terms of which are confidential.

Default judgment granted in favor of plaintiff against the following defendants, Spouse, if any of Ja'Nitta P. Marbury, Ameriquest Mortgage Company, RBS Citizens, NA, Charter One Bank, and Wells Fargo Bank in trust for the Benefit of Park Place Securities, Asset Backed Pass-through Certificates Series 2009-WCW2.

{¶8} The court also included in its journal entry, the same language used by the magistrate stating that Woods Cove was not permitted to file "a praecipe for order of sale in execution upon this decree, unless Defendant, Ja'Nitta P. Marbury, is in default of the agreement referenced above."

### Adoption of Magistrate's Decision

{¶9} In her sole assigned error, Marbury argues the trial court erred by adopting the magistrate's decision because the parties had agreed Woods Cove would not seek foreclosure on the property as long as Marbury continues to make payments toward the tax lien, which she has been doing.

{¶10} Marbury did not file objections to the magistrate's decision. Therefore, she cannot raise this error for the first time on appeal. Failure to file objections to a magistrate's report results in a waiver of error on appeal, except for plain error. Civ.R. 53(D)(3)(b)(iv). Plain error is recognized in a civil case only in an "extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, 816 N.E.2d 1049, ¶ 43.

**{¶11}** Marbury has not shown that there was plain error. The default judgment was clearly rendered against the other defendants whose interests concerned the marshalling of the liens. The judgment entry states that although Woods Cove obtained a foreclosure judgment, no sale of the property would occur as long as Marbury continued to pay on the debt. Thus, the court incorporated the agreement into the judgment. Although Marbury consented to the foreclosure judgment, Woods Cove is not permitted to sell the property unless Marbury defaults on the payment plan set forth in the settlement agreement. The trial court did not enter default judgment against Marbury. Accordingly, Marbury's sole assigned error is overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover from appellant its costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR